WILLIAM A. NORTON, d. b. app't. *vs.* GEORGE JANVIER, Treasurer of the Presbyterian Church at Newark, plaintiff below, resp't.

A subscription to a common object with others, though gratuitous, creates a legal liability.

If on a condition, the condition must be performed before a right of action accrues.

On appeal the plaintiff must show a right of action, when the suit was commenced below.

APPEAL from the judgment of a justice of the peace, in an action of assumpsit. The pro narr. counted on a subscription to the church for $50, and a claim of $34, on the common counts.

The defendant's signature was to the following form of subscription:—" We the undersigned agree to pay to the treasurer of the village Presbyterian Church of Newark, Delaware, the amount opposite our names, upon condition that an amount is raised by subscription, or otherwise, to liquidate the entire debt of the church, supposed to be about one thousand dollars."

The defence was, that this was a gratuitous subscription, without consideration. (*Story on Cont.*, 372 ; 13 *Ves. Rep.*, 178.) 2. That it was upon a condition which was not performed. 3. That the trustees of an incorporated church, and not the treasurer, was the proper party; and 4. That the sum claimed for pew rent could not be recovered on the common counts.

It appeared in evidence that enough to pay the church debt was not subscribed, or raised, at the commencement of the action below, but was subscribed before the trial; and it was contended for the plaintiff—1. That a subscription to a common object created a legal liability, for which an action would lie. 2. That on an appeal, the case stands de novo in this court; and if the condition was performed before filing the declaration here, it was sufficient. 3. That the engagement here was to pay to the treasurer and not to the trustees. It was admitted that the pew rent could not be recovered without a special count.

*By the Court.*

BOOTH, *Chief Justice.*—The action was brought before a magistrate by George Janvier, treasurer of the village Presbyterian Church of Newark, against William A. Norton, on a subscription of $50, made towards payment of the debt of that church, *on condition* that a sufficient sum to liquidate the debt should be raised.

The first objection taken by the defendant is, that as the church is incorporated, the suit should have been brought in the name of the corporation, and not by its treasurer. The engagement which the defendant made to pay the money to the treasurer of the church, authorizes a suit to be brought in his name, though otherwise the suit must be in the name of the corporation. The capacity of Mr. Janvier as treasurer, may be proved by parol. The fact that a person acts as a corporate officer is sufficient evidence that he bears that character, at least in reference to the contracts of third persons with him in that character.

2. The right of action must have been complete before the suit was brought below, to enable the party to recover on the appeal. The case though de novo in this court as to the pleadings and mode of proceeding, is the same case that was commenced below; and unless the plaintiff had then the right of action, he cannot perfect that right by subsequent facts.

3. The law will not enforce a mere gratuitous or voluntary promise made without consideration. But the question is, what is a merely gratuitous promise. If a subscription be made to a common object, *on condition* that such object is accomplished, or sufficient money be raised to effect that object, and that condition is performed, the obligation to pay would be perfect and may be enforced by a suit at law.                              Verdict for defendant.

*Bayard*, for plaintiff.
*Rodney*, for defendant.